THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:95CR3043 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DANIEL C. MURATELLA, | ) | |
| | ) | |
| Defendant. | ) | |

On February 26, 2004, a Judgment for Revocation of Probation or Supervised Release (filing 221) was entered after defendant Daniel Muratella admitted guilt to violations of Standard Condition #1[1] of his term of supervision. The judgment provided for revocation of Muratella's supervised release and 60 months in prison, with no supervised release to follow. On March 22, 2005,[2] Muratella filed a 28 U.S.C. § 2255 motion (filing 223), arguing that the 60-month sentence exceeds the statutory maximum for a revocation sentence. Subjecting Muratella's motion to

---

[1]Standard Condition #1 states that "[t]he defendant shall not commit another Federal, state or local crime."

[2]Muratella's § 2255 motion was filed in this court on March 28, 2005. However, he placed the motion into the prison mail system on March 22, 2005. Because the prison mailbox rule applies to pro se § 2255 motions, the effective date of filing in this instance is the mailing date. Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).

initial review as required by the Rules Governing Section 2255 Proceedings,[3] I shall dismiss the defendant's § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to impose a one-year statute of limitations on § 2255 motions. Section 2255 states in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

(effective December 1, 2004).

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Absent a later triggering date under subsections (2)-(4) above,[4] the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final—that is, upon conclusion of direct review or at the end of the time for seeking such review. Since there was no appeal, Muratella's conviction became final ten business days after the pronouncement of judgment, or on or about March 11, 2004. See Fed. R. App. P. 4(b)(1) & 26(a); Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("[I]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). One year later, the statute of limitations expired—that is, on or about March 11, 2005. Muratella did not file his § 2255 motion until March 22, 2005, making the motion untimely.

Even if Muratella's § 2255 motion had been timely filed, it is nevertheless without merit. Muratella's underlying conviction was for conspiracy to distribute more than one kilogram of methamphetamine, a Class A felony by virtue of the fact that Muratella pled guilty to Count I of the superseding indictment, which alleged more than one kilogram of methamphetamine and carried a minimum prison term of 10 years and a maximum of life. Because the underlying conviction was a Class A felony, I was authorized to sentence Muratella to a maximum of 60 months in prison when he violated his conditions of supervised release. Therefore, the predicate for Muratella's § 2255 claims—that his revocation sentence exceeded the statutory maximum because the underlying conviction was not a Class A felony—is disproved

---

[4]Muratella has not claimed a later triggering date.

by the record. See Filing 56, Superseding Indictment; Filing 119, Judgment; Filing 122, Revised Presentence Report ¶¶ 4, 5 (agreement as to weight), 33 (weight finding), 109 (statutory penalty); 21 U.S.C. § 841(a)(1) & (b)(1)(A) (statutory penalties); 21 U.S.C. § 846 (attempt and conspiracy); 18 U.S.C. § 3559(a)(1) (defining classes of felonies); 18 U.S.C. § 3583(e)(3) (court may revoke term of supervised release and require prison term of not more than 60 months for Class A felonies).

Because it appears from Muratella's § 2255 motion and the record of prior proceedings that Muratella is not entitled to relief, the motion must be dismissed.

Accordingly,

IT IS ORDERED:

1. The defendant's § 2255 motion (filing 223) is denied and dismissed with prejudice;

2. Judgment shall be entered by separate document.

DATED this 25th day of May, 2005.

> BY THE COURT:
> s/Richard G. Kopf
> United States District Judge